UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEARD BALLEW,

    Plaintiff,

v.                                           Case No:   2:21-cv-747-JLB-NPM

STANDARD AERO BUSINESS AVIATION
SERVICES, LLC,

    Defendant.
_____

WILLIAM D. GILSTRAP,

    Plaintiff,

v.                                           Case No:   2:21-cv-748-JLB-NPM

STANDARD AERO BUSINESS AVIATION
SERVICES, LLC,

    Defendant.
_____

# ORDER

William Gilstrap, with Jeard Ballew as his second in command, were piloting a Raytheon Hawker twinjet aircraft from Naples Municipal Airport.  (Doc. 10.)[1] Shortly after takeoff, the two were forced to make an emergency landing due to a faulty nose gear that would not retract.  (Id. at 2, ¶¶ 7–10.)   They filed separate lawsuits against Standard Aero Business Aviation Services, LLC ("Standard

---

[1] See also Amended Complaint for Damages, Gilstrap v. Standard Aero Bus. Aviation Servs., LLC, No. 2:21-cv-748-JLB-NPM (M.D. Fla. Nov. 24, 2021), ECF No. 10.

Aero")—a company that maintained and serviced the aircraft—alleging negligence. (Id. at 3–4, ¶¶ 14–19.)[2] Standard Aero now moves to consolidate the two matters, representing that Plaintiffs do not oppose such relief. (Doc. 37.)

Federal Rule of Civil Procedure 42(a)(2) permits a court to consolidate matters presenting common questions of law or fact. In exercising its "considerable discretion" over whether to consolidate multiple cases, the Court must consider: (1) whether the risk of inconsistent adjudications of common factual and legal issues outweigh the specific risks of prejudice and confusion; (2) the burden that multiple lawsuits present; (3) the amount of time consolidation would save; and (4) the relative expense of consolidating a matter or proceeding on multiple trials. Eghnayem v. Bos. Sci. Corp., 873 F.3d 1304, 1313 (11th Cir. 2017) (quotation omitted). "A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against" a defendant. Allstate Ins. Co. v. Vizcay, 826 F.3d 1326, 1333 (11th Cir. 2016) (quotation omitted). Ultimately, "[d]istrict judges in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995) (quotation omitted).

Upon consideration, the Court finds that these cases are due to be consolidated for all purposes. Plaintiffs Ballew and Gilstrap are bringing the same claim, against the same Defendant, and based on the same incident. They share

---

[2] Gilstrap, ECF No. 10 at 3–4, ¶¶ 14–19.

the same counsel in both cases and their pleadings are nearly identical. On these facts, and noting that no party opposes consolidation, Standard Aero's motion is due to be granted.

Accordingly, it is **ORDERED**:

1. Standard Aero's Unopposed Motion to Consolidate (Doc. 37) is **GRANTED**.

2. The above-mentioned cases are **CONSOLIDATED for all purposes** with Case No. 2:21-cv-747-JLB-NPM designated as the **lead case**. The parties are **DIRECTED** to submit all future filings utilizing that case number. The Clerk of Court is **DIRECTED** to docket the pleadings in Case No. 2:21-cv-748-JLB-NPM in the lead case.

3. The Clerk is **further directed** to enter a copy of this Order in Case No. 2:21-cv-748-JLB-NPM, terminate any pending deadlines in that case, and administratively close that file.

**ORDERED** at Fort Myers, Florida, on April 11, 2022.

_John L. Badalamenti_
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE